UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DEIDRA LEAN MARIANO,
ADC #755792                                                                                    PLAINTIFF

V.                              4:16CV00794 JM/JTR

ROBERT DITTRICH,
Prosecuting Attorney, Arkansas County, et al.                      DEFENDANTS

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

**I. Introduction**

Plaintiff, Deidra Lean Mariano ("Mariano"), is a prisoner in the Northwest Arkansas Community Correction Center ("NWACCC").  She has filed this *pro se* § 1983 action alleging that Defendants violated her constitutional rights.  *Doc. 2.*

Before Mariano may proceed with this case, the Court must screen her Complaint.[1]

## II. Discussion

**A.     Wrongful Conviction Claims**

Mariano alleges that Defendants Prosecuting Attorney Robert Dittrich ("Dittrich"), Arkansas County Circuit Judge David Henry ("Henry"), and Arkansas County are responsible for her wrongful criminal conviction. By way of relief, Mariano seeks monetary damages and her immediate release from custody.

Mariano cannot obtain the reversal of her criminal conviction in a § 1983 action. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Instead, to obtain such relief, Mariano must exhaust all of her available remedies in state court, and then file a federal habeas action. *See* 28 U.S.C. § 2254. Similarly, Mariano cannot obtain monetary damages until her criminal conviction has been reversed by the highest state court or a federal habeas court. *See Heck v. Humphrey,* 512 U.S. 477, 487 (1994). Thus, the Court

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

recommends that Mariano's § 1983 claims against Dittrich, Henry, and Arkansas County be dismissed, without prejudice.

**B.     Conditions of Confinement Claims**

Mariano also alleges that the NWACCC, the Arkansas Department of Corrections ("ADC"), and Correct Care Solutions, Inc. are subjecting her to unconstitutional conditions of confinement. As a matter of law, the NWACCC and the ADC are not proper defendants in a § 1983 action. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Brown v. Mo. Dept. of Corrs.,* 353 F.3d 1038, 1041 (8th Cir. 2004). Thus, the Court recommends that Mariano's § 1983 claims against the NWACCC and the ADC be dismissed, with prejudice.

Finally, the federal venue statute provides that, in cases that are *not* based on diversity jurisdiction, venue is proper in the judicial district where "any defendant resides" or "a substantial part of the events or omissions giving rise to the claim occurred." *See* 28 U.S.C. § 1391(b). All of the events giving rise to Mariano's conditions of confinement claim arose in Washington County. Additionally, the *proper Defendants*, who are the NWACCC employees that personally violated Mariano's constitutional rights, almost certainly reside in Washington County or another county in the Western District of Arkansas.

Washington County is located in the Fayetteville Division of the United States

District Court for the Western District of Arkansas. Thus, the Court recommends that Mariano's remaining conditions of confinement claim against Correct Care Solutions, Inc., be transferred to the Fayetteville Division of the United States District Court for the Western District of Arkansas. *See* 28 U.S.C. § 1406(a) (providing that the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought").

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Mariano's claims against Dittrich, Henry, and Arkansas County be DISMISSED, WITHOUT PREJUDICE.

2. Mariano's claims against the NWACCC and the ADC be DISMISSED, WITH PREJUDICE.

3. Mariano's conditions of confinement claim against Correctional Care Solutions, Inc., be IMMEDIATELY TRANSFERRED to the Fayetteville Division of the United States District Court for the Western District of Arkansas.

4. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

Dated this 6th day of December, 2016.

                                                _____
                                                UNITED STATES MAGISTRATE JUDGE